|  |  |  |
|---|---|---|
| JOSE CRUZ and OSWALDO FAGOADA SANCHEZ | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| vs. | ) ) ) | **JURY TRIAL DEMANDED** |
| RUBY CONSTRUCTION ASSOCIATES, LLC, VA, JUAN MIGUEL CONSTANZA, and VANESSA CONSTANZA | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jose Cruz and Oswaldo Fagoada Sanchez (collectively "Plaintiffs"), hereby file this collective action against Defendants Ruby Construction Associates LLC, VA ("RCA"), Juan Miguel Constanza ("Mr. Constanza"), and Vanessa Constanza ("Ms. Constanza" and, together with RCA and Mr. Constanza, the "Defendants"), and allege on knowledge, information, and belief as follows:

## NATURE OF ACTION

1. The factual background for this case is simple. The Constanza Defendants operated an illegal scheme, RCA and related companies, that profited on the backs of skilled workers. The Defendants made promises to these workers when hiring them to perform construction work, but in order to enrich themselves, the Defendants – without explanation and despite acknowledging that they owed money to these workers – simply refused to pay the workers their wages owed. When the workers complained about this conduct (after repeatedly attempting to simply get paid for their earned wages), the Defendants unlawfully sought to deter

the workers from pursuing their rights through intimidation and coercion, threatening to cause them "problems."

2.      The Defendants are not strangers to illegal conduct. Indeed, through an affiliate company, P N Drywall Contractor, LLC ("P N Drywall"), the Defendants engaged in a similar unlawful scheme just several years ago. Ms. Constanza was CFO of P N Drywall, and Mr. Constanza had an operational management-level role within the company. When P N Drywall was sued for similar violations, the Constanzas could not contest the allegations and instead sought the protection of the corporate veil by going out of business and starting RCA. They went back to the same scheme, however, preying on vulnerable individuals who sought only to make a living through hard work.

3.      This suit seeks to recover for damages incurred by Jose Cruz and Oswaldo Fagoada Sanchez, and other similarly situated individuals, as a result of overtime violations, wage violations, breach of contract, and the Defendants' fraudulent conduct.

4.      Mr. Constanza and Ms. Constanza are each personally liable for the conduct complained of herein. First, they are personally liable for their statutory violations, as set forth in those statutes. Second, they are liable because each of them personally participated in the wrongful conduct that is at issue here, including the fraud and breaches of contract. Third, they are liable because their fraud cannot be shielded by the corporate veil, and the Court should pierce the corporate veil to hold each of them jointly and severally liable for RCA's obligations.

5.      Plaintiffs bring suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the District of Columbia Minimum Wage Revision Act ("DCMWA"), D.C. Code §§ 32-1001 *et seq.*, the District of Columbia Wage Payment and Collection Law ("DCWPCL"),

D.C. Code §§ 32-1301 *et seq.*, and the District of Columbia Workplace Fraud Act ("DCWFA"), D.C. Code §§ 32-1331.01 *et seq.*, in addition to asserting various common law claims.

6.      Plaintiffs, on behalf of themselves and all similarly situated individuals, bring their FLSA and DCMWA claims as a "collective action" pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b).

7.      Plaintiffs bring their claims under the DCWPCL and DCWFA, as well as their common law claims, as individual claims brought in the Plaintiffs' individual capacities.

## PARTIES

8.      Plaintiff Jose Cruz ("Mr. Cruz") was employed by RCA to work on commercial construction projects. While employed by RCA, Mr. Cruz worked on metal stud framing, insulation, and gypsum wall board installation on a series of projects located in Washington, D.C. Mr. Cruz began his employment with RCA on January 4, 2016 and ended his employment on February 12, 2016 after the Defendants did not pay him for his wages owed. Mr. Cruz is a citizen of Maryland.

9.      Plaintiff Oswaldo Fagoada Sanchez ("Mr. Fagoada") also was employed to work on commercial construction projects. While employed by RCA, Mr. Fagoada worked on metal stud framing, insulation, and gypsum wall board installation on a series of projects located in Washington, D.C. Mr. Fagoada began his employment with RCA on January 4, 2016 and ended his employment on February 12, 2016 after the Defendants did not pay him for his wages owed. Mr. Fagoada is a citizen of Maryland.

10.     Defendant Juan Miguel Constanza ("Mr. Constanza") is a resident of Springfield, Virginia, and citizen of Virginia. At all relevant times he was a manager and owner of RCA. Mr. Constanza was also Plaintiffs' direct supervisor.

11.     Defendant Vanessa Constanza ("Ms. Constanza") is a resident of Springfield, Virginia, and a citizen of Virginia. At all relevant times, she was Chief Executive Officer of RCA.

12.     RCA is or was a Virginia limited liability company with its principal office located at 7123 Loisdale Road, Springfield, Virginia. According to the Virginia State Corporation Commission, RCA was formed on October 28, 2014, but its limited liability company status was subsequently cancelled. RCA's registered agent/ office is Incorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, VA 23111. RCA transacted business in the District of Columbia and Virginia, performing construction work on a number of projects in both jurisdictions. Upon information and belief, RCA was owned in whole by Mr. Constanza and/or Ms. Constanza, and those individuals were also its sole managers and members. Accordingly, RCA's affairs have passed to the Constanzas. *See* Va. Code Ann. § 13.1-1050.2(c).

13.     At all times relevant to this action, Defendants were the employers of Plaintiffs within the meaning of the applicable statutes and implementing regulations.

14.     At all times relevant to this action, Plaintiffs were employees of the Defendant within the meaning of the applicable statutes and implementing regulations.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises from the FLSA, 29 U.S.C. § 201 *et seq.*, a law of the United States.

16.     This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) because the claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

17.     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 3 because, among other reasons, a substantial part of the events or omissions giving rise to the claim occurred in this District and Division, and because the Defendants reside in this District and Division.

## FACTUAL ALLEGATIONS

18.     In January 2016, Plaintiffs began their employment with RCA. Mr. Contstanza, acting on behalf of RCA, promised Plaintiff Cruz a base wage of $15 per hour and Plaintiff Fagoada a base wage of $16 per hour. Defendants agreed to pay Plaintiffs every fifteen days. The Plaintiffs relied upon these representations in commencing employment with RCA.

19.     During their employment, Plaintiffs worked at least Monday through Saturday and worked at least eight (8) to twelve (12) hours per day. As diligent employees, they would begin work at some time between 3:00 a.m. and 7:00 a.m. – whenever the Defendants asked them to start. Defendants required them to be on site and ready to work before their work actually began, and the Plaintiffs fulfilled those requirements.

20.     Plaintiffs worked on three different construction projects within three buildings while employed by RCA. The construction sites were at 14th Street & Rhode Island Avenue NW, 14th Street & Florida Avenue NW, and 18th Street & L Street NW, Washington, D.C.

21.     Defendants paid Plaintiffs only a part of their first paycheck for the pay period January 4-17, 2016 (albeit two weeks later than when due). This payment covered only half of their earned wages. Acknowledging that they were owed more, however, the Defendants promised to pay them the balance – but urged them to keep working.

22.     In reliance on those promises, Mr. Cruz worked at least eighty (80) hours from January 18-29, 2016, and he worked at least another ninety-one (91) hours from February 1-12, 2016.

23.     Likewise, and also in reliance on the Defendants' promises, Mr. Fagoada worked at least ninety-six (96) hours from January 18-29, 2016, and at least an additional eighty-three (83) hours from February 1-12, 2016.

24.     The Defendants requested that the Plaintiffs drive to RCA's office in Springfield, Virginia to receive their paychecks. The Plaintiffs did so, as they needed the money to cover daily living expenses.

25.     During this time, the Defendants never disputed that the Plaintiffs worked the hours claimed or that they were due payment.

26.     Instead, the Defendants simply refused to pay the Plaintiffs, despite their frequent attempts to collect payment.

27.     Plaintiffs stopped working for Defendants at the end of their shift on February 12, because of the unpaid wages.

28.     Plaintiffs instead focused their efforts on receiving payment for the amounts due. Indeed, without those payments, Plaintiffs would be in a dire financial position – having worked for a full month without payment for the hours worked.

29.     When Plaintiffs traveled to RCA's office to collect their paycheck, as instructed by the Defendants, the Defendants repeatedly claimed that they would pay Plaintiffs another day, or "tomorrow."

30.     Defendants also sought to evade responsibility for payroll by telling Plaintiffs that RCA was owned by Mr. Constanza at times, but then at other times stating that RCA was owned

by Ms. Constanza. This conduct, in which both Mr. and Ms. Constanza participated, appears to have been aimed at dragging the Defendants' payment obligations out so that the Defendants would ultimately give up on collecting payment.

31. During one attempt to collect payment, Mr. Constanza showed Plaintiffs a check for $96,000, and he told them that they would be paid as soon as he deposited the check. This was a lie, as he never paid them a dime beyond their initial partial payment for their first two weeks of work.

32. Approximately one week later, Mr. Constanza called Mr. Cruz and threatened, "If you want problems, you'll have problems." The Plaintiffs understood this to mean that the Defendants would seek to harm them if the Plaintiffs sought to enforce their legal rights in a lawsuit.

33. In addition, Defendants promised to pay for all out-of-pocket expenses incurred by Plaintiffs in connection with their work – including parking fees where not provided by Defendants – but then breached their contract to pay them. These fees and expenses amounted to approximately $720 over the course of employment.

34. In addition, Defendants promised to pay certain charges that Plaintiffs would incur as a result of the Defendants' failure to make timely payment, such as late charges on living expenses. Once again, Defendants' promises were untrue, and they never made such payments. Plaintiffs relied upon these false statements to their detriment. Plaintiffs suffered approximately $400 each, for a total of $800 between the two of them.

35. This situation has caused Plaintiff's deep financial harm and emotional distress.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs incorporate the allegations set forth above.

37.     Plaintiffs bring the First Cause of Action as a collective action pursuant to FLSA,

29 U.S.C. § 207(a)(2)(c), on behalf of themselves and all similarly situated persons who were,

are, or will be employed in Maryland, Virginia, or the District of Columbia by the Defendants

within the three-year period preceding the filing of this complaint through the date of the final

deposition of this action, and whom Defendants have failed to compensate at the rate of one and

one half (1 ½) times the regular rate of pay of Plaintiffs and all others similarly situated for hours

they worked in excess of forty (40) hours in a seven (7)-day period.

38.     At all relevant times, Plaintiffs and the other FLSA Collective Action Members

have been similarly situated; have had substantially similar job requirements, job duties, and pay

provisions; and have been subject to Defendants' common decisions, policies, programs,

practices, procedures, protocols, routines and rules for failing and refusing to pay them at the

legally required time-and-a-half rate for work in excess of forty (40) hours in a seven (7)-day

period.

39.     Plaintiffs and the FLSA Collective Action Members are not and have never been

exempt from the overtime pay requirement, and are and always have been entitled to overtime

pay for all overtime hours worked.

40.     The First Cause of Action is properly brought and maintained as an opt-in

collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Action Members are

readily ascertainable. Their names and addresses are readily available from Defendants.  Notice

can be provided to the FLSA Collective Action Members via first-class mail to the last address

known to Defendants.

41.     Plaintiffs bring the Second Cause of Action as a collective action pursuant to the

DCMWA, D.C. Code § 32-1003(c), on behalf of themselves and all persons who were, are, or

will be employed in the District of Columbia by Defendants within the three-year period preceding the filing of this complaint through the date of the final deposition of this action, and whom Defendants have failed to compensate at the rate of one and one half (1 ½) times the regular rate of pay of Plaintiffs and all others similarly situated for hours they worked in excess of forty (40) hours in a seven (7)-day period.

42.     At all relevant times, Plaintiffs and the other D.C. Collective Action Members have been similarly situated; have had substantially similar job requirements, job duties, and pay provisions; and have been subject to Defendants' common decisions, policies, programs, practices, procedures, protocols, routines and rules for failing and refusing to pay them at the legally required minimum wage and legally required time-and-a-half rate for work in excess of forty (40) hours per seven (7)-day period.

43.     Plaintiffs and the D.C. Collective Action Members are not and have never been exempt from the overtime pay requirement, and are and always have been entitled to overtime pay for all overtime hours worked.

44.     The Second Cause of Action is properly brought and maintained as an opt-in collective action pursuant to D.C. Code Section 13-1012(a). The D.C. Collective Action members are readily ascertainable. Their names and addresses are readily available from Defendants. Notice can be provided to the D.C. Collective Action Members via first-class mail to the last address known to Defendants.

45.     Pursuant to 29 U.S.C. § 216(b), Mr. Cruz and Mr. Fagoada have consented in writing to be plaintiffs in this action. They have attached signed consents to this complaint as Exhibit A.

# CAUSES OF ACTION

## COUNT I

### (Failure to Pay Minimum and Overtime Wages under the FLSA)

### (against all Defendants)

46.     Plaintiffs incorporate the allegations set forth above.

47.     Defendants violated the FLSA by knowingly failing to pay minimum wages to Plaintiffs and all others similarly situated for hours they worked.

48.     Defendants violated the FLSA by knowingly failing to pay one and one-half (1 ½) times the average rate of pay of Plaintiffs and all others similarly situated for hours they worked in excess of forty (40) hours in a seven(7)-day period.

49.     Defendants' violations of the FLSA were repeated, willful, and intentional.

50.     Defendants are liable to Plaintiffs and all others similarly situated for, *inter alia*, all unpaid overtime compensation, liquidated damages, and costs and reasonable attorneys' fees incurred in bringing this action pursuant to 29 U.S.C. § 216(b), as well as any other relief deemed appropriate by the Court.

## COUNT II

### (Failure to pay Minimum and Overtime Wages under the DCMWA)

### (against all Defendants)

51.     Plaintiffs incorporate the allegations set forth above.

52.     Defendants violated the DCMWA by knowingly failing to pay minimum wages to Plaintiffs and all others similarly situated for hours they worked.

53.     Defendants violated the DCMWA by knowingly failing to pay one and one half (1 ½) times the regular rate at which Plaintiffs and all others similarly situated were employed for the hours they worked in excess of forty (40) hours in a seven (7)-day period.

54.     Defendants' violations of the DCMWA were repeated, willful, and intentional.

55.     Defendants are liable to Plaintiffs for, *inter alia*, all unpaid overtime compensation, liquidated damages, and costs and reasonable attorneys' fees incurred in bringing this action pursuant to D.C. Code § 32-1012(a)&(c), as well as any other relief deemed appropriate by the Court.

## COUNT III

### (DCWPCL Failure to Pay Timely Wages)

### (against all Defendants)

56.     Plaintiffs incorporate the allegations set forth above.

57.     Defendants violated the DCWPCL for failing to:

   a. pay wages to Plaintiffs at least twice per month during each calendar month, on regular paydays, designated in advance by the employer pursuant to D.C. Code §32-1302;

   b. pay wages to Plaintiffs seven (7) days after their resignation or quitting, or on the next regular payday, whichever is earlier, pursuant to D.C. Code § 32-1303;

   c. compensate employees for the hours that the employees had to wait on site for work to begin.

58.     Defendants' violations of DCWPCL were repeated, willful, and intentional.

59.     Defendants are liable to Plaintiffs for all unpaid wages, liquidated damages, and costs and reasonable attorneys' fees incurred in bringing this action pursuant to D.C. Code § 32-1308, as well as any other relief deemed appropriate by the Court.

## COUNT IV

**(Breach of Contract)**

**(against all Defendants)**

60.     Plaintiffs incorporate the allegations set forth above.

61.     Cruz and Fagoada formed oral employment contracts with Defendants to perform metal stud framing, insulation, and gypsum wall board installation work.  Plaintiffs worked for Defendants from January 4 to February 12, 2016.

62.     Defendants breached their contracts with both Cruz and Fagoada when Defendants failed to pay Plaintiffs for their work.

63.     Plaintiffs have suffered injuries or damages in lost income based on the work they performed, for which they were never paid, and have incurred financial costs in travelling to Mr. Constanza's house trying to collect payment on many occasions.

## COUNT V

**(Fraud)**

**(against all Defendants)**

64.     Plaintiffs incorporate the allegations set forth above.

65.     The Defendants made numerous misrepresentations to Plaintiffs in order to induce Plaintiffs into working for them.

66.     Defendants knew that their representations were false or misleading and that Plaintiffs would rely on those representations to their detriment.

67. Plaintiffs relied on Defendants' materially false or misleading representations to their detriment, and as a result of Defendants' misrepresentations or omissions, Defendants have suffered damages in an amount to be proven at trial.

## COUNT VI

### (Constructive Fraud/Negligent Misrepresentation)

### (against all Defendants)

68. Plaintiffs incorporate the allegations set forth above.

69. The Defendants made numerous misrepresentations to Plaintiffs in order to induce Plaintiffs into working for them.

70. Defendants knew or at least were reckless in not knowing that their representations were false or misleading and that Plaintiffs would rely on those representations to their detriment.

71. Plaintiffs relied on Defendants' materially false or misleading representations to their detriment, and as a result of Defendants' misrepresentations or omissions, Defendants have suffered damages in an amount to be proven at trial.

## COUNT VII

### (Unjust Enrichment)

### (against all Defendants)

72. Plaintiffs incorporate the allegations set forth above.

73. The Plaintiffs worked for the Defendants between January 4 and February 12, 2016, performing valuable labor and services.

74. Despite their promises to do so, the Defendants never paid the Plaintiffs the wages they were owed.

75.     The Defendants retained the benefits of the work of the Plaintiffs without paying for it. Under the circumstances, it would be unjust to permit the Defendants to avoid their obligations to pay the Plaintiffs the reasonable value of the services received.

76.     The prevailing wage rate in Washington D.C. for carpenters, including drywall hangers, during the time period in question was $27.56 per hour plus $9.08 per hour for fringe benefits, for a total of $36.64. *See* https://www.wdol.gov/wdol/scafiles/archive/davisbacon/2016/dc2.r0. Taking into consideration this wage plus one and one-half wage for overtime pay, Mr. Cruz is entitled to $7,932.56, and Mr. Fagoada is entitled to $8,372.24, for the value of the services they rendered but were never paid. In addition, Plaintiffs are entitled to an additional $1,520 based on unreimbursed expenses that inured to the benefit of the Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Cruz and Fagoada, on behalf of themselves and others similarly situated, respectfully request that the Court:

A.     Award Plaintiffs and similarly situated individuals:

a.     Unpaid regular and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

b.     Unpaid regular and overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

B.     Declare this action to be maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) and the DCMWA, § 32-1012(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by them as hourly and salaried employees from three years prior to the date this complaint

was filed to the present, including the last known address and telephone number of each such person, so that Plaintiffs can provide such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by the Plaintiffs and all others similarly situated as a result of Defendants willful and intentional violations of the FLSA, 29 U.S.C. § 207(a) and the DCMWA, D.C. Code § 32-1003(c), and award such back pay and unpaid overtime wages against Defendants in favor of Plaintiffs and all similarly situated individuals.

D.     Award an additional quadruple damages as liquidated damages pursuant to D.C. Code §32-1303(4), plus such pre-judgment interest as may be allowed by law;

E.     Declare Defendants' conduct to be a violation of the FLSA, DCMWA, and the DCWPCL;

F.     Enjoin Defendants from engaging in future illegal wage practices;

G.     Award Plaintiffs, their costs and disbursements of this suit, including, reasonable attorneys' fees and all other costs incurred in bringing this action;

H.     Award Plaintiffs compensatory, punitive, and other damages to which they may be entitled; and

I.     Grant Plaintiffs and all similarly situated individuals such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Edward R. Brown
Virginia Bar No. 83142
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
Phone: (202) 719-7580
Fax: (202) 719-7049
erbrown@wileyrein.com

*Attorney for Plaintiffs Jose Cruz and Oswaldo Fagoada Sanchez*

Dated: March 24, 2017

EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| JOSE CRUZ and OSWALDO FAGOADA SANCHEZ | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| vs. | ) ) | **JURY TRIAL DEMANDED** |
| RUBY CONSTRUCTION ASSOCIATES, LLC, VA, JUAN MIGUEL CONSTANZA, AND VANESSA CONSTANZA | ) ) ) ) | |
| Defendants. | ) ) | |

### CONSENT TO SUE

By my signature below, I represent to the Court that throughout my employment at Ruby Construction Associates (RCA), LLC, my employers failed to properly compensate me for my work. I authorize the filing and prosecution or of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages, and all other relief provided under the Fair Standards Act and any other applicable federal or state laws.

### CONSENTIMIENTO DE SER PARTE DEMANDATE

Por la firma abajo, represento a la Corte que durante mi empleo para Ruby Construction Associates (RCA), LLC, mis empleadores me negaban el pago correcto para el trabajo que hice. En mi parte y en parte de los que están en situaciones similares, autorizo el inicio y el procesamiento de una demanda en mi nombre y en el nombre do otros que están en situaciones similares con el fin de recuperar el pago no retribuido, los daños líquidos, y toda otra reparación judicial provista por la Ley de Normas Justas de Trabajo y cualquier otra ley federal o estadal que sean aplicables.

Name/Nombre: _José Cruz_

Address/Dirección: _X/ 139 oak St port chester_

City/Cuidad: _NY_ , State/Estado: ____ , Zip Code/Código Postal: _10573_

Email: _____ Phone/Teléfono: _914-565-4387_

Signature/Firma: _____ Date/Fecha: _03-10-17_

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| JOSE CRUZ and OSWALDO FAGOADA SANCHEZ ) ) ) | |
| Plaintiffs, ) ) | Case No. _____ |
| vs. ) ) | **JURY TRIAL DEMANDED** |
| RUBY CONSTRUCTION ASSOCIATES, LLC, ) VA, JUAN MIGUEL CONSTANZA, AND ) VANESSA CONSTANZA ) ) | |
| Defendants. ) ) | |

### CONSENT TO SUE

By my signature below, I represent to the Court that throughout my employment at Ruby Construction Associates (RCA), LLC, my employers failed to properly compensate me for my work. I authorize the filing and prosecution or of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages, and all other relief provided under the Fair Standards Act and any other applicable federal or state laws.

### CONSENTIMIENTO DE SER PARTE DEMANDATE

Por la firma abajo, represento a la Corte que durante mi empleo para Ruby Construction Associates (RCA), LLC, mis empleadores me negaban el pago correcto para el trabajo que hice. En mi parte y en parte de los que están en situaciones similares, autorizo el inicio y el procesamiento de una demanda en mi nombre y en el nombre do otros que están en situaciones similares con el fin de recuperar el pago no retribuido, los daños líquidos, y toda otra reparación judicial provista por la Ley de Normas Justas de Trabajo y cualquier otra ley federal o estadal que sean aplicables.

Name/Nombre: _Oswaldo Neftali Fagoada Sanchez_

Address/Dirección: _6312 Kilmer St Cheverll MD 20785_

City/Cuidad:_____, State/Estado:_____, Zip Code/Código Postal:_____

Email:_____ Phone/Teléfono: _240 614 9241_

Signature/Firma: _ONks_ Date/Fecha: _03-12-2019_

EXHIBIT B

## VERIFICATION

I, Jose Cruz, declare as follows:

1.      I am a plaintiff in the present case.

2.      I have knowledge of the events at issue and of the Collective Action Complaint, which is true, accurate and complete to the best of my knowledge, information and belief.

3.      I verify under penalty of perjury that the foregoing is true and correct.

Executed on March _10_, 2017.



JOSE CRUZ

## **VERIFICATION**

I, Oswaldo Fagoada Sanchez, declare as follows:

1.      I am a plaintiff in the present case.

2.      I have knowledge of the events at issue and of the Collective Action Complaint, which is true, accurate and complete to the best of my knowledge, information and belief.

3.      I verify under penalty of perjury that the foregoing is true and correct.

Executed on March /2, 2017.

_____
OSWALDO FAGOADA SANCHEZ