


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE CRUZ and OWALDO FAGOADA SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>RUBY CONSTRUCTION ASSOCIATES, LLC, VA, JUAN MIGUEL CONSTANZA, and VANESSA CONSTANZA,<br><br>Defendants. | Case No. 1:17-cv-00349 (LO/IDD) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Ruby Construction Associates, LCC, VA; Juan Miguel Constanza; and Vanessa Constanza (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 9.) After none of the Defendants or a licensed attorney for Defendants appeared at the hearing on September 8, 2017, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED in part and DENIED in part**.

### I. INTRODUCTION

On March 24, 2017, Plaintiffs filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the District of Columbia Minimum Wage Revision Act ("DCMWRA"), D.C. Code §§ 32-1001 *et seq.*, the District of Columbia Wage Payment and

Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*, and state common law claims for breach of contract, fraud, constructive fraud, and unjust enrichment.[1] (Dkt. No. 1.)

The FLSA and D.C. Code allow employees to bring claims against employers who violate federal and D.C. minimum wage and overtime wage standards. In their Complaint, Plaintiffs seek from each Defendant, jointly and severally, unpaid wages; liquidated damages; and attorneys' fees and costs pursuant to the FLSA and D.C. Code. (Compl. ¶¶ A-I.) Plaintiffs also request that the Court declare this action to be maintainable as a collective action and direct Defendants to provide to Plaintiffs a list of all persons employed by them as hourly and salaried employees from three years prior to the date the Complaint was filed to the present. (*Id.*)

**A. Jurisdiction and Venue**

This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 because it arises under federal law, the FLSA. (Compl. ¶ 15.) This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) because the claims arise from a common set of operative facts forming the same controversy. (Compl. ¶ 16.) This Court has personal jurisdiction over Defendant Ruby Construction Associates, LLC, VA ("RCA") because it was a Virginia limited liability company at the time the acts complained of by Plaintiffs were committed; however, RCA's limited liability status has since been cancelled. (*Id.* ¶ 12.) Further, RCA's principal office is located in Springfield, Virginia, and RCA transacted business in Virginia. (*Id.*) This Court has personal jurisdiction over Defendants Juan Miguel Constanza and Vanessa Constanza (the "individual Defendants") because they reside in Virginia. (*Id.* ¶ 11.)

[1] Although Plaintiffs state in their Complaint that they also bring suit under the District of Columbia Workplace Fraud Act ("DCWFA"), D.C. Code §§ 32-1331.01 *et seq.*, Plaintiffs fail to include a count under the DCWFA and also fail to include any allegations to support a DCWFA claim. (Compl. ¶ 5.)

Pursuant to 28 U.S.C. 1391(b)(1), venue is proper in this District because the Defendants reside in this District and Division. (Compl. ¶ 17.) Therefore, the undersigned recommends a finding that jurisdiction and venue are proper with respect to all Defendants in this action.

**B. Service of Process**

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. While § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur.

In accordance with Federal Rule of Civil Procedure 4(e)(2)(A), Plaintiffs served process on the individual Defendants personally, through a process server, at the individual Defendants' home on April 3, 2017. (Dkt. No. 3; Dkt. No. 10 at 3.)

Rule 4(h) governs service upon corporations, partnerships, and other unincorporated associations and allows service by following state law where the district court is located. Fed. R. Civ. P. 4(h)(1)(A). Under section 12.1-19.1 of the Code of Virginia, if the corporation fails to maintain a registered agent, the Clerk of the State Corporation Commission ("SCC") is deemed to be the corporation's agent on whom service can be effected. Va. Code Ann. § 12.1-19.1. Because RCA's limited liability company status was cancelled and, thus, RCA failed to maintain a registered agent, Plaintiffs served RCA by mail through the SCC on April 12, 2017. (Dkt. No. 4; Dkt. No. 10 at 3.) Therefore, Plaintiffs properly served Defendant RCA.

**C. Grounds for Default**

Plaintiffs filed their Complaint on March 24, 2017. (Dkt. No. 1.) Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. On May 30, 2017, Plaintiffs filed a Request for Entry of Default with the Clerk of Court. (Dkt. No. 5.) The Clerk entered Default against Defendants on June 2, 2017. (Dkt. No. 7.) On August 8, 2017, Plaintiffs

filed their Motion for Default Judgment, and the Court held a hearing on the matter on September 8, 2017. (Dkt. Nos. 9, 12.) After Defendants failed to appear at the hearing on the Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of

Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## III. <u>FACTUAL FINDINGS</u>

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that the Plaintiffs have established the following facts. Plaintiffs are citizens of Maryland and were employed by Defendant RCA from January 4, 2016 through February 12, 2016. (Compl. ¶¶ 8, 9.) Defendant RCA was a Virginia limited liability company with its principal office in Springfield, Virginia. (*Id.* ¶ 12.) The individual Defendants are residents of Virginia. (*Id.* ¶¶ 10, 11.) Defendant Juan Miguel Constanza was the manager and owner of RCA while Defendant Vanessa Constanza was the Chief Executive Officer of RCA. (*Id.*) Mr. Constanza was also the Plaintiffs' direct supervisor. (*Id.* ¶ 10.)

Plaintiffs' employment with Defendants consisted of construction work at three different construction projects located within the District of Columbia. (*Id.* ¶ 20.) When employed with Defendants, Plaintiff Cruz worked at least 80 hours between January 18 and January 29, 2016, as well as 91 hours between February 1 and February 12, 2016. (*Id.* ¶ 22.) Also when employed with Defendants, Plaintiff Fagoada worked at least 96 hours between January 18 and January 29, 2016, as well as 83 hours between February 1 and February 12, 2016. (*Id.* ¶ 23.) Defendants paid

Plaintiffs only a part of their first paycheck for the first pay period and failed to compensate Plaintiffs for the rest of the hours worked.[2] (*Id.* ¶ 21.)

Plaintiffs' Complaint asserts seven counts, which seek recovery of their unpaid wages pursuant to the FLSA (Count I), the DCMWRA (Count II), the DCWPCL (Count III), and state common law claims that include breach of contract (Count IV), fraud (Count V), constructive fraud (Count VI), and unjust enrichment (Count VII). Plaintiffs appear to abandon their state common law claims as well as their FLSA and DCMWRA claims in their Motion for Default Judgment. (Dkt. No. 10 at 7, n.2.) Instead, Plaintiffs seek remedies under the DCWPCL because it allows for greater recovery. (*Id.*)

**A. Liability**

Plaintiffs must recover any unpaid overtime wages under the DCMWRA rather than the DCWPCL. *See Driscoll v. George Washington Univ.*, 938 F. Supp. 2d 19, 21-25 (D.D.C. 2013) (finding that plaintiff's exclusive remedy for unpaid overtime wages was the DCMWRA); *see also Thompson v. Digicon Corp.*, 107 F. Supp. 3d 49, 50-52 (D.D.C. 2015) (relying on *Driscoll* to find that DCWPCL claim must be dismissed because DCMWRA is sole remedy for overtime violations). Therefore, the undersigned addresses Count II (DCMWRA) for Plaintiffs' unpaid overtime wages and Count III (DCWPCL) for all other requested relief in Plaintiffs' Complaint.

***1. Count II – unpaid overtime wages under the DCMWRA***

The DCMWRA requires employers to pay its employees overtime wages for more than 40 hours worked in a workweek at a rate "not less than 1 1/2 times the regular rate at which the employee is employed." D.C. Code § 32-1003(c). It is well established that the DCMWRA is interpreted consistently with the FLSA, *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139,

[2] Plaintiffs failed to plead the specific amount Defendants paid and also failed to plead the number of hours Plaintiffs worked in the first pay period.

146 (D.D.C. 2011); *Villar v. Flynn Architectural Finishes, Inc.*, 664 F. Supp. 2d 94, 96 (D.D.C. 2009) (citing *Williams v. W.M.A. Transit Co.*, 472 F.2d 1258, 1261 (D.C. Cir.1972)). Thus, to state a claim for overtime wages under the DCMWRA, a plaintiff must establish that (1) he worked overtime hours without compensation; and (2) his employer knew or should have known that he worked overtime but failed to compensate him for it. *Cf. Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473 (E.D. Va. 2014) (providing elements of overtime claim under the FLSA).

Here, Plaintiffs sufficiently allege a claim under the DCMWRA. Plaintiffs allege that they worked more than 80 hours within a two-week period (overtime hours) without compensation. (Compl. ¶¶ 21-23, 31.) Plaintiffs further allege that Defendants knew the Plaintiffs worked overtime hours but failed to compensate Plaintiffs. (Compl. ¶¶ 24-31.) Therefore, the undersigned finds that Plaintiffs state a claim for unpaid overtime wages under the DCMWRA.

***2. Count III – unpaid regular wages under the DCWPCL***

The DCWPCL requires that upon an employee's resignation, "the employer shall pay the employee's wages due" within the timeframe specified in the statute. D.C. Code § 32-1303(2). In turn, the DCWPCL defines "wages" as "all monetary compensation after lawful deductions," including "remuneration promised or owed . . . pursuant to a contract for employment, whether written or oral . . . . " D.C. Code § 32-1301(3).

Plaintiffs allege they had oral contracts with Defendants. (*See* Compl. ¶¶ 18, 33, 34.) Specifically, Defendants promised to pay Plaintiff Cruz $15 per hour of work and Plaintiff Fagoada $16 per hour of work. (*Id.* ¶ 18.) Further, Defendants promised to pay Plaintiffs "all out-of-pocket expenses incurred by Plaintiffs in connection with their work . . . [as well as] late

charges on living expenses." (*Id.* ¶¶ 33-34.) Plaintiffs allege that Defendants failed to pay the regular wages owed to Plaintiffs. (*Id.* ¶¶ 21-23, 31.) Therefore, the undersigned finds that Plaintiffs state a claim for unpaid regular wages under the DCWPCL.

***3. Joint and Several Liability***

Plaintiffs request that the Court hold Defendants jointly and severally liable. (Compl. ¶ 4.) "Because the DCWPCL and FLSA contain nearly identical provisions with respect to employers liability, the DCWPCL is to be construed consistently with the FLSA." *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 5 (D.D.C. 2010). Under the FLSA, an employer is subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of the plaintiff's employment. *Pinkett v. Apex Commc'ns Corp.*, No. 1:08-cv-790 (JCC), 2009 WL 1097531, at *11 (E.D. Va. Apr. 21, 2009); *accord Ruffin v. New Destination*, 800 F. Supp. 2d 262, 269 (D.D.C. 2011) ("One who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for purposes of FLSA.").

Here, the Plaintiffs allege the individual Defendants exercised the requisite control. For example, Mr. Constanza was Plaintiffs' direct supervisor and set the amount of Plaintiffs' wages. (Compl. ¶¶ 10, 18.) Notably, Mr. Constanza and Ms. Constanza acted in concert to evade paying Plaintiffs' wages by "telling Plaintiffs that RCA was owned by Mr. Constanza at times, but then at other times stating that RCA was owned by Ms. Constanza." (*Id.* ¶ 30.) Therefore, the undersigned recommends that Defendants be held jointly and severally liable for violating the DCMWRA and DCWPCL.

## IV. REQUESTED RELIEF

In their Complaint, Plaintiffs request the Court to award unpaid wages, liquidated damages, compensatory and punitive damages; declare this action to be maintainable as a collective action; declare Defendants' conduct to be in violation of the FLSA, DCMWRA and DCWPCL; enjoin Defendants from engaging in future illegal wage practices; and award attorneys' fees and costs incurred in bringing this action.

### A. Damages

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether he is entitled to the relief sought. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Furthermore, in default cases in this District, "there can be no recovery over the amount pled in the complaint, and the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009).

In addition to recovering unpaid wages, "[b]oth the DCMW[R]A and the DCWPCL provide for liquidated damages equaling three times the amount of unpaid wages." *Herrera v. Mitch O'Hara LLC*, 16-1726-ABJ, 2017 WL 2869410, at *5 (D.D.C. Jul. 5, 2017) (citing D.C. Code § 32-1308(a)(1)(A)(ii)).

#### *1. Plaintiff Cruz*

As noted above, Plaintiff Cruz earned $15 per hour while working for Defendants. (Compl. ¶ 18.) Plaintiff Cruz alleges he worked for Defendants from January 4, 2016 to February

12, 2016. (*Id.* ¶¶ 21, 22, 27.) However, the Complaint does not include hours worked from January 4 through January 17, 2016. (*See id.* ¶ 21.) Therefore, Plaintiff Cruz cannot collect the unpaid wages from the first pay period. *See Sheet Metal Workers*, 2005 WL 1432786, at *8.

Plaintiff Cruz alleges he worked 80 hours from January 18 to January 29, 2016, and 91 hours from February 1 to February 12, 2016. Pursuant to the DCMWRA, Defendants owe Plaintiff Cruz $247.50 in overtime wages. (*See* Compl. ¶¶ 18, 21-22, 31.) Pursuant to the DCWPCL, Defendants owe Plaintiff Cruz $2,400.00 in regular wages and $760.00 in other remunerations as promised by Defendants. (*Id.* ¶¶ 18, 21-22, 31, 33-34.) Additionally, Defendants owe Plaintiff Cruz $10,222.50 in liquidated damages. In total, Defendants owe Plaintiff Cruz $13,630.00.

| **Table 1: Plaintiff Cruz Damages** | Hours | Rate | Sub-Total |
|---|---|---|---|
| Unpaid Regular Hours | 160 | $15.00 | $2,400.00 |
| Unpaid Overtime Hours | 11 | $22.50 | $247.50 |
| Unpaid Remunerations | | | $760.00 |
| Unpaid Wages (*regular hours + overtime hours+ remunerations*) | | | $3407.50 |
| Liquidated Damages (*3x unpaid wages*) | | | $10,222.50 |
| **TOTAL** (*unpaid wages + liquidated damages*) | | | **$13,630.00** |

(*See* Compl. ¶¶ 18, 22.)

2. ***Plaintiff Fagoada***

As noted above, Plaintiff Fagoada earned $16 per hour while working for Defendants. (Compl. ¶ 18.) Plaintiff Fagoada alleges he worked for Defendants from January 4, 2016 to February 12, 2016. (*Id.* ¶¶ 21, 23, 27.) However, the Complaint does not include hours worked from January 4 through January 17, 2016. (*See id.* ¶ 21.) Therefore, Plaintiff Fagoadoa cannot collect the unpaid wages from the first pay period. *See Sheet Metal Workers*, 2005 WL 1432786, at *8.

Plaintiff Fagoada alleges he worked 96 hours from January 18 to January 29, 2016, and 83 hours from February 1 to February 12, 2016. Pursuant to the DCMWRA, Defendants owe Plaintiff Fagoada $456.00 in overtime wages. (*See* Compl. ¶¶ 18, 21-22, 31.) Pursuant to the DCWPCL, Defendants owe Plaintiff Fagoada $2,560.00 in regular wages and $760.00 in other remunerations as promised by Defendants. (*Id.* ¶¶ 18, 21-22, 31, 33-34.) Additionally, Defendants owe Plaintiff Fagoada $11,328.00 in liquidated damages. In total, Defendants owe Plaintiff Fagoada $15,104.00.

| **Table 2: Plaintiff Fagoada Damages** | Hours | Rate | Sub-Total |
|---|---|---|---|
| Unpaid Regular Hours | 160 | $16.00 | $2,560.00 |
| Unpaid Overtime Hours | 19 | $24.00 | $456.00 |
| Unpaid Remunerations | | | $760.00 |
| Unpaid Wages (*regular hours + overtime hours+ remunerations*) | | | $3,776.00 |
| Liquidated Damages (*3x unpaid wages*) | | | $11,328.00 |
| **TOTAL** (*unpaid wages + liquidated damages*) | | | **$15,104.00** |

(*See* Compl. ¶¶ 18, 23.)

**B. Collective Action Certification**

The undersigned recommends denying Plaintiffs' request to declare their suit a collective action because such relief is not available to Plaintiffs. Specifically, because Plaintiffs abandoned their FLSA claim, Plaintiffs cannot maintain a collective action under the FLSA. Additionally, the DCMWRA does not provide for collective actions. As the District Court for the District of Columbia observed, "[t]he 2015 amendments to the DCMWRA eliminated the plainly worded statutory text that required opt-in and written-consent procedures for maintaining a collective action." *Vasquez v. Grunley Constr. Co.*, 200 F. Supp. 3d 93, 101 (D.D.C. 2016) (denying plaintiffs' motion for certification of collective action under the DCMWRA); *see also Eley v. Stadium Group, LLC*, 14-cv-1594-KBJ, 2015 WL 5611331, at *4-5 (D.D.C. Sept. 22, 2015) (explaining that class certification under Federal Rule of Civil Procedure 23 applies to the

DCMWRA). Therefore, the undersigned recommends also denying Plaintiffs' requested relief related to certifying this suit as a collective action.[3]

**C. Injunctive Relief**

The undersigned finds that Defendants violated the DCMWRA and DCWPCL by not paying wages as described above. Therefore, the undersigned recommends that Defendants be enjoined from continuing to violate D.C. Code §§ 32-1003, 32-1303.

**D. Attorneys' Fees and Costs**

Although Plaintiffs request in their Complaint that the Court award attorneys' fees and costs, Plaintiffs fail to provide the Court with the amount. Because Plaintiffs' Motion for Default Judgment fails to address this type of relief, the undersigned recommends denying without prejudice Plaintiffs' attorneys fees and costs.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be **GRANTED in part and DENIED in part**. The Motion should be granted as to entry of default judgment against Defendants, jointly and severally, on Counts 2 and 3 of the Complaint. Accordingly, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiff Cruz damages in the amount of $13,630.00 and Plaintiff Fagoada damages in the amount of $15,104.00. Further, Defendants should be enjoined from continuing to violate the DCMWRA and DCWPCL, D.C. Code §§ 32-1003, 32-1303.

---

[3] In connection with a collective action, Plaintiffs request the Court direct Defendants to provide to Plaintiffs a list of all persons employed by them and pay all uncompensated wages to similarly situated individuals. (Compl. ¶¶ B, C.)

## VI. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendants at the following addresses:

Ruby Construction Associates, LLC
Juan Miguel Constanza
Vanessa Constanza
7123 Loisdale Road
Springfield, Virginia 22150

/s
Ivan D. Davis
United States Magistrate Judge

December 8, 2017
Alexandria, Virginia