IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSE CRUZ *et al.*,                             )
                                                )
                      Plaintiffs,               )
                                                )
v.                                              )   Civil Action No. 1:17-cv-349 (LO/IDD)
                                                )
RUBY CONSTR. ASSOCS. LLC,                       )
*et al.*,                                       )
                                                )
                      Defendants.               )
_____         )

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for an Order to Show Cause Why Defendants Should Not be Held in Contempt of Court. Plf. Mot. for an Order to Show Cause Why Defendants Should Not be Held in Contempt of Court, ECF No. 22. After default judgement was entered against all Defendants on March 14, 2018, Plaintiffs filed a Motion to Compel for post-judgment discovery on October 26, 2018. ECF No. 15; Plf. Mot. to Compel, ECF No. 16. The Court granted Plaintiffs' Motion to Compel on November 7, 2018. After Defendants failed to comply with the Court's November 7, 2018 Order, Plaintiffs filed the instant Motion. Plaintiffs' counsel indicated at the February 8, 2019 hearing that post-judgment discovery was only served on Defendants Juan Miguel and Vanessa Constanza (hereinafter "Individual Defendants"), therefore, this report and recommendation only concerns these individual Defendants.

As Individual Defendants or a licensed attorney failed to appear at the show cause hearing on February 8, 2019, the undersigned Magistrate Judge took this matter under

1

advisement to issue this Report and Recommendation. Upon consideration of Plaintiffs' Motion and the memorandum thereto, the undersigned Magistrate Judge makes the following findings and recommends that Individual Defendants should be held in contempt of Court.

## I. **PROCEDURAL HISTORY**

Plaintiffs filed a Complaint against all Defendants on March 24, 2017, for a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Plaintiffs requested an entry of default on May 30, 2017, and the Clerk entered default on June 2, 2017. ECF Nos. 5, 7. Plaintiffs then filed a Motion for Default Judgment on August 8, 2017. The undersigned magistrate judge issued a report and recommendation on December 8, 2017, which was approved and adopted by this Court on March 14, 2018, recommending that default judgment be entered against all Defendants. ECF Nos. 13, 14.

Subsequently, Plaintiffs filed a Motion to Compel post-judgment discovery on October 26, 2018. Plf. Mot. to Compel Discovery, ECF No. 16. The Court granted Plaintiffs' Motion to Compel on November 7, 2018, and ordered that Defendants respond to Plaintiffs' written discovery requests by November 21, 2018. ECF No. 21. As Defendants failed to respond to Plaintiffs' written discovery requests, Plaintiffs filed a Motion for an Order to Show Cause Why Defendants Should not be Held in Contempt of Court. A show cause hearing was held on February 8, 2019. Individual Defendants failed to respond to Plaintiffs' Motion for an Order to Show Cause Why Defendants Should not be Held in Contempt of Court and failed to appear at the hearing.

2

## II.   **ANALYSIS**

The Court possesses inherent authority to exercise civil contempt powers and such authority extends to situations in which a Magistrate Judge's orders are violated. 28 U.S.C. § 636(e); *Bralley v. Carey*, 2012 U.S. Dist. LEXIS 15191, at *7 (E.D. Va. Feb. 2, 2012). If a party fails to obey a court order to provide discovery, the court may hold the party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts in this circuit employ a four part test to determine which, if any, sanctions are appropriate for noncompliance with a discovery order: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Anderson v. Found. for Advancement, Educ., & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). In this case, an analysis of the four factors warrants a recommendation that the sanction of contempt of court is appropriate for Individual Defendants' failure to oblige by the Court's November 7, 2018 discovery order and failure to appear at the show cause hearing.

First, the undersigned finds that Individual Defendants acted in bad faith when they failed to comply with the Court's discovery order. *See McDonald v. Robinson*, 2018 U.S. Dist. LEXIS 219042, at *12 (E.D. Va. Dec. 26, 2018) (citing to *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985) (holding that bad faith includes willful conduct where the party clearly should have understood his duty to the court but nonetheless deliberately disregarded it)). Although Individual Defendants did not appear for the hearing on Plaintiffs' Motion to Compel, they were informed of their obligation to reply to Plaintiffs' written discovery request because a copy of the Court's order was sent to an address associated with them. In its Order, the Court also informed

3

Individual Defendants that should they fail to comply with its discovery obligations, they will be required to show cause why they did not comply with the Court's order and sanctions may be imposed. Despite receiving this clear instruction from the Court, Individual Defendants failed to comply with the Court's discovery order. Individual Defendants also failed to appear at the hearing for Plaintiff's Motion to Compel and the show cause hearing. Therefore, the undersigned finds that Individual Defendants acted in bad faith when they failed to obey the Court's order and honor their discovery obligations.

Second, Individual Defendants' failure to comply with the Court's discovery order significantly prejudiced Plaintiffs. Plaintiffs received a judgment on March 14, 2018, almost one year ago. Since then, Plaintiffs have attempted to satisfy its judgment, but cannot do so because Individual Defendants refuse to answer Plaintiffs' post-judgment discovery requests. Individual Defendants have impaired Plaintiffs' ability to obtain material information in which it can satisfy its judgment. Plaintiffs have expended considerable time and expenses due to Individual Defendants' failure to comply with their discovery obligations. Accordingly, Individual Defendants' failure to oblige by its discovery obligations has prejudiced Plaintiffs.

Third, the need for deterrence weighs in favor of a severe sanction, such as contempt of court. Continued non-compliance with this Court's discovery order is not tolerated by this Court. Individual Defendants were required to produce discovery answers by November 21, 2018, and appear for the show cause hearing on February 8, 2019. Individual Defendants have yet to provide any indication that they intend to comply with their discovery obligations. The Court is concerned that Individual Defendants will not oblige by its discovery obligations absent a severe sanction. Therefore, the undersigned finds that contempt of court is an appropriate sanction.

4

Finally, the undersigned finds that imposing any less sanction than contempt of court would not be appropriate because Plaintiffs are materially prejudiced due to Individual Defendants' non-compliance. Plaintiffs lack critical information in which it can satisfy its judgment. Imposition of lesser sanctions would not be applicable because of the case's unique posture of a post-judgment discovery violation. The undersigned recognizes that Individual Defendants are *pro se*, however, it is well settled that *pro se* litigants are not immune from any sanction by virtue of their status alone. *Matthews v. RationalWiki Found.*, 2017 U.S. Dist. LEXIS 43503, at *2 (E.D. Va. Mar. 24, 2017).

For these reasons, the undersigned recommends that Individual Defendants be found in contempt of court.

## III.   <u>RECOMMENDATION</u>

The undersigned Magistrate Judge finds that Individual Defendants violated the Court's November 7, 2018 discovery order and failed to appear at the show cause hearing on February 8, 2019. Therefore, the undersigned recommends that Plaintiffs' Motion for an Order to Show Cause Why Defendants Should Not be Held in Contempt of Court be **GRANTED** and that Individual Defendants be held in contempt of court.

## IV.   <u>NOTICE</u>

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and**

5

Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Defendants at the following address:

Ruby Construction Associates, LLC
7123 Loisdale Road
Springfield, VA 22150

/s/
Ivan D. Davis
United States Magistrate Judge

March 15, 2019
Alexandria, Virginia